UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH CHAD HATCHER, )<br>)<br>  Plaintiff, )<br>) Civil Action No. 7:20-cv-00474<br>v. )<br>)<br>OFFICER BRADLEY HAUFFMAN, et al., )<br>)<br>  Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kenneth Chad Hatcher filed this civil rights action under 42 U.S.C. § 1983 against Defendants Bradley Hauffman and Lisa Ferguson. Defendants have moved to strike the introductory section of Hatcher's Second Amended Complaint. For the reasons stated below, the Motions to Strike are denied.

**BACKGROUND**

According to the Second Amended Complaint, a sheriff's deputy in Carroll County attempted to detain Hatcher during a traffic stop on April 18, 2020. (2d Am. Compl. ¶ 7, ECF No. 30.) "Hatcher initially fled in a vehicle, and then on foot." (Id. ¶ 8.) Hauffman, a canine officer, joined in the pursuit and used his canine to apprehend Hatcher. Id. ¶ 9. When Hatcher saw the canine, "he stopped running and surrendered." (Id. ¶ 10.) Nonetheless, Hauffman allowed the canine to attack Hatcher, and "he began to physically beat" Hatcher in the face and head. (Id. ¶¶ 11–14, 18.) Hatcher suffered serious leg wounds as a result of the canine attack. (Id. ¶ 28.) He is now incarcerated at the New River Valley Regional Jail, where Ferguson has refused to provide prescribed medical treatment. (Id. ¶ 52.) Based on these factual allegations, Hatcher

asserts constitutional claims of excessive force, failure to intervene, and deliberate indifference to a serious medical need. (Id. ¶¶ 41, 47, 52.)

The Second Amended Complaint includes an "Introduction" section that is two-and-half pages long and consists of six unnumbered paragraphs. (See id. at 1–4.) The section recites many of the numbered factual allegations set forth in the body of the Second Amended Complaint. The case is before me on Defendants' Motions to Strike the Introduction section.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) permits the court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." The court may do so "on its own" or "on motion made by a party." Fed. R. Civ. P. 12(f). Such motions are "generally viewed with disfavor," however, "'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright et al., Federal Practice and Procedure § 1380, 647 (2d ed. 1990)).

"The standard upon which a motion to strike is measured places a substantial burden on the moving party." Hardy v. Lewis Gale Med. Ctr., LLC, 377 F. Supp. 3d 596, 605 (W.D. Va. 2019) (internal quotation marks and citation omitted). Courts typically require the moving party to show that the challenged pleading is prejudicial. Id. "Even where technically appropriate and well-founded, motions to strike . . . are often denied in absence of a showing of prejudice to the moving party." Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W. Va. 1993) (internal quotation marks and citations omitted); see also Toucheque v. Price Bros. Co., 5 F. Supp. 2d 341, 350 (D. Md. 1998) (noting that "mere redundancy does not suffice to grant a motion to strike" and that "the movant must demonstrate prejudice") (citations omitted). "[T]he decision of whether to strike all

or part of a pleading rests with the sound discretion of the [c]ourt." Barnes v. Dist. of Columbia, 289 F.R.D. 1, 6 (D.D.C. 2012) (citations omitted).

## ANALYSIS

Defendants seek to strike the Introduction section on two grounds. First, Defendants argue that the section is redundant because it repeats allegations in the numbered paragraphs of the Second Amended Complaint. Second, Defendants argue that the unnumbered paragraphs in the Introduction section are immaterial because they cannot support a claim. See Fed. R. Civ. P. 10(b) ("A party must state its claims or defendants in numbered paragraphs, each limited as far as practicable to a single set of circumstances.").

In response, Plaintiff emphasizes that striking portions of a pleading is generally appropriate only upon a showing of prejudice by the moving party. Plaintiff argues that Defendants' Motions to Strike do not explain how Defendants will be prejudiced if the Introduction section remains in the Second Amended Complaint.

After considering applicable case law and the parties' arguments, I decline to strike the Introduction section. Although the introductory paragraphs may be redundant and unnecessary, Defendants have not shown that this section is so prejudicial that it should be stricken under Rule 12(f). See, e.g., Oswalt v. Rekeweg, No. 1:17-cv-00278, 2017 WL 5151205, at *2 (N.D. Ind. Nov. 7, 2017) ("Defendants' failure to describe, with particularity, how [Defendants] would be prejudiced by the [three-page introduction] is fatal to their motion to strike."); Mark Andy, Inc. v. Cartonmaster Int'l (2012), Inc., No. 4:14-cv-00986, 2014 WL 7140630, at *2 (E.D. Mo. Dec. 12, 2014) ("At most, the Introduction is redundant, because it includes some facts that are addressed later in enumerated paragraphs. However, the Court does not find that this redundancy

alone warrants striking the Introduction in the absence of some prejudice to Defendants.") Accordingly, I will deny Defendants' Motions to Strike.

## CONCLUSION

Defendants' Motions to Strike (ECF Nos. 34 and 41) are **DENIED** for the reasons outlined above. Defendants shall file responsive pleadings within 14 days pursuant to Federal Rule of Civil Procedure 12(a)(4)(A).

Enter: July 21, 2021

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge