IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KENNETH CHAD HATCHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:20cv00474 |
| | ) | |
| OFFICER HAUFFMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER

Defendant Officer Bradley Hoffman[1] ("Defendant"), by counsel, respectfully submits this answer to Plaintiff Kenneth Chad Hatcher's Second Amended Complaint:

1. Paragraphs 1-3 of the Second Amended Complaint contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations contained in paragraphs 1-3.

2. With respect to paragraph 4, Defendant admits only that, upon information and belief, Plaintiff is currently a pretrial detainee housed at the NRVRJ. The remaining allegations in paragraph 4 contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in paragraph 4.

3. With respect to the allegations in paragraph 5, Defendant admits only that he is a citizen of Virginia, and, at the time of the events underlying this lawsuit, was employed as a deputy by the Carroll County Sheriff and was the handler of K9 Buck. The remaining

---

[1] In the Second Amended Complaint, Plaintiff incorrectly named defendant Hoffman as "Officer Hauffman."

1

allegations in paragraph 5 contain legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the remaining allegations.

4. Paragraph 6 does not pertain to this Defendant and therefore a response is not required. To the extent a response is required, Defendant has insufficient knowledge to admit or deny the allegations in paragraph 6 and therefore denies same.

5. Defendant admits the allegations in paragraphs 7-8.

6. Defendant denies the allegations in paragraphs 9-24.

7. With respect to paragraph 25, Defendant cannot recall exactly what was stated but may have said "I bet you won't run from us again." Defendant denies the remaining allegations in paragraph 25 as stated.

8. With respect to the allegations in paragraph 26, Defendant denies that Plaintiff was initially treated by Cana Rescue Squad. He was initially treated by Carroll County Fire Rescue. Defendant admits that Plaintiff was subsequently transported to Twin County Hospital, where he later received surgery on his leg.

9. Defendant has insufficient information to admit or deny the allegations in paragraphs 27-35 and therefore denies same.

10. Defendant denies the allegations in paragraph 36.

11. With respect to the allegations in paragraph 37, Defendant incorporates by reference his responses to the preceding paragraphs.

12. Paragraph 38 contains legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in paragraph 38.

13. With respect to the allegations in paragraph 39, Defendant admits only that he was the handler of K9 Buck. Defendant denies the remaining allegations in paragraph 39 as stated.

14. Paragraph 40 contains legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in paragraph 40.

15. Defendant denies the allegations in paragraphs 41-43.

16. With respect to the allegations in paragraph 44, Defendant incorporates by reference his responses to the preceding paragraphs.

17. Paragraph 45 contains legal conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations in paragraph 45.

18. Defendant denies the allegations in paragraphs 46-51.

19. Paragraph 52 concerns a claim not related to this Defendant and therefore a response is not required. To the extent a response is required, Defendant has insufficient information to admit or deny the allegations in paragraph 52 and therefore denies same.

20. With respect to the allegations in paragraph 53, Defendant incorporates by reference his responses to the preceding paragraphs.

21. Defendant denies the allegations in paragraphs 54-58.

22. Defendant denies the allegations in the section labeled "<u>INTRODUCTION</u>."

23. Defendant denies all allegations in the Second Amended Complaint not expressly admitted herein.

24. Defendant denies that he is indebted or liable to Plaintiff for the amounts or reasons set forth in the Second Amended Complaint or for any other amounts or reasons whatsoever.

25. Count II of the Second Amended Complaint fails to state a claim upon which relief can be granted.

26. Defendant cannot be held liable by virtue of the doctrines of sovereign, qualified, governmental, and/or good faith immunity.

27. Defendant avers that he acted lawfully and with legal justification at all times referenced in the Second Amended Complaint.

28. Defendant avers that his conduct, at all times referenced in the Second Amended Complaint, was in good faith and reasonable under the circumstances.

29. Defendant denies that Plaintiff is entitled to punitive damages.

30. Defendant reserves the right to rely upon any other defenses that may become available or apparent during the proceedings in this case, including discovery.

Respectfully submitted,

BRADLEY HOFFMAN

By /s/ Julian F. Harf
Jim H. Guynn, Jr., (VSB #22299)
Julian F. Harf (VSB #90775)
Guynn, Waddell, Carroll & Lockaby, P.C.
415 S. College Avenue
Salem, Virginia  24153
Phone: 540-387-2320
Fax:    540-389-2350
Email: jimg@guynnwaddell.com
          julianh@guynnwaddell.com
*Attorney for Defendants Officer Bradley Hoffman and Nurse Lisa Ferguson*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of August, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Jessica N. Sherman-Stoltz, Esq.
Sherman-Stoltz Law Group, PLLC
P.O. Box 69
Gum Spring, VA 23065
jessica@sslawgroupva.com
*Counsel for Plaintiff*

Mario B. Williams, Esq.
Dallas S. LePierre, Esq.
NDH LLC
44 Broad Street, NW, Suite 200
Atlanta, GA 30303
mwilliams@ndh-law.com
dlepierre@ndh-law.com
*Counsel for Plaintiff*

                                                By /s/ Julian F. Harf
                                                Jim H. Guynn, Jr., (VSB #22299)
                                                Julian F. Harf (VSB #90775)
                                                Guynn, Waddell, Carroll & Lockaby, P.C.
                                                415 S. College Avenue
                                                Salem, Virginia 24153
                                                Phone: 540-387-2320
                                                Fax:    540-389-2350
                                                Email: jimg@guynnwaddell.com
                                                                       julianh@guynnwaddell.com
                                                *Attorney for Defendants Officer Bradley Hoffman and Nurse Lisa Ferguson*